IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARLOS RAMOS-MACARIO, individually, and on behalf of all persons similarly situated; <br><br> Plaintiff, <br><br> v. <br><br> TRUMAN JONES, in his official capacity as Sheriff of Rutherford County and his individual capacity; BOB ASBURY, in his official capacity as Chief Deputy and Administrator of Detention in the Rutherford County Sheriff's Office and his individual capacity; RUTHERFORD COUNTY SHERIFF'S OFFICE — RUTHERFORD COUNTY, TENNESSEE; JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, in their official capacities as employees of the Rutherford County Sheriff's Office and individually, <br><br> Defendants. | Case No. 3:10-cv-00813 <br><br> AMENDED CLASS ACTION COMPLAINT <br><br> Judge Haynes <br><br> Magistrate Bryant |

Comes now the Plaintiff, by and through his undersigned attorney, and for his cause of action would state and allege as follows:

**Introduction**

1. "It is fundamental that the state cannot hold and physically punish an individual except in accordance with due process of law." *Ingraham v. Wright,* 430 U.S. 651, 674 (1977). This "[f]reedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001).

1

2. On June 14, 2009, Plaintiff Carlos Ramos-Macario was arrested for driving on a suspended license. He was taken to the Rutherford County Jail, booked, and assigned a jail cell. When he was taken to court four days later, a judge sentenced him to five days in jail with credit for time served. On or around June 23, 2009, Defendants' legal authority to detain Mr. Ramos-Macario had expired. Nevertheless, Defendants continued to detain him in the Rutherford County Jail, depriving him of his liberty, until October 27, 2009.

3. On behalf of himself and others similarly situated, Plaintiff seeks compensation for the unconstitutional and tortious deprivation of his liberty without due process of law. On behalf of himself and others similarly situated, Plaintiff also seeks declaratory and injunctive relief to prevent Defendant from engaging in these unconstitutional and tortious deprivations of liberty without due process of law in the future.

**Jurisdiction and Venue**

4. The jurisdiction of the Court is founded on 28 U.S.C. §§ 1331(federal question), 1343(a)(3) and (4), 42 U.S.C. § 2000d-1 (civil rights), and 28 U.S.C. § 2201 (declaratory relief). Jurisdiction over state law claims is based on this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. This court has personal jurisdiction pursuant to 28 U.S.C. § 1391(b) over the named defendants, all of whom are located in the Middle District of Tennessee, i.e., Truman Jones, Bob Asbury, and the Rutherford County Sheriff's Office — Rutherford County, Tennessee.

6. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391(b)(2), because Defendant Rutherford County Sheriff's Office — Rutherford County, Tennessee is located in this district, and on information and belief, it is alleged that each of the

individual Defendants named in the preceding paragraph reside in this district and in the Nashville Division.

7. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

8. This action arises under the Constitutions of the United States and Tennessee, under federal and state law, and under 42 USC §§ 1981, 1983, and 1988.

9. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, attorneys' fees, expenses and costs, and such other relief that may be available to him.

**Parties**

10. Plaintiff resides in Smyrna, Rutherford County, Tennessee.

11. Defendant Truman Jones is currently the Sheriff of Rutherford County, Tennessee. He has ultimate supervisory authority over the Rutherford County Jail. He is sued in his official capacity for declaratory and injunctive relief and in his individual capacity for money damages.

12. Defendant Bob Asbury is a Chief Deputy in the Rutherford County Sheriff's Office and is the Administrator of Detention. In this capacity, he is the direct supervisor over the detention activities of the Rutherford County Jail. He is sued in his official capacity for declaratory and injunctive relief and in his individual capacity for money damages.

13. Rutherford County Sheriff's Office — Rutherford County, Tennessee (hereafter, RCSO) is the chief law enforcement agency of Rutherford County, Tennessee. It operates the jail and detention center for inmates in Rutherford County, Tennessee.

3

14. John Doe 1, John Doe 2, John Doe 3, and John Doe 4 are RCSO officers assigned to the Detention Division inside the Rutherford County Jail. They are all sued in their official and individual capacities.

## Factual Allegations

### A. Plaintiff's Arrest and Sentencing

15. At or around 4:00 A.M. on June 14, 2009, Plaintiff was arrested by the Smyrna Police Department for driving on a suspended license. (*See* Exhibit A, RCSO Intake Form). He was taken at that time to the Rutherford County Jail and processed to await a hearing in the Smyrna Municipal Court.

16. At his hearing in court on June 18, 2009, the judge sentenced him to 5 days in jail, with credit for time served.

### B. The ICE Detainer

17. Sometime between June 14, 2009 and June, 19, 2009, Defendant contacted U.S. Immigration and Customs Enforcement ("ICE") reporting Plaintiff's arrest and detention in the Rutherford County Jail.

18. Sometime between June 14, 2009 and June 19, 2009, ICE placed an immigrant detainer on Plaintiff pending his release on the local charge for driving without a license. Plaintiff does not admit, concede, or imply by this action that the detainer was legally authorized or correctly placed against him by ICE.

19. Upon information and belief, ICE sent Defendants a Form I-247, Immigration Detainer – Notice of Action. A sample Form I-247 is attached hereto as Exhibit B. ICE issued this immigration detainer pursuant to the authority and procedures set forth at 8 C.F.R. § 287.7. According to this regulation:

4

"A detainer serves to advise another law enforcement agency that the Department [of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible."

8 C.F.R. § 287.7(a).

20. This regulation also explicitly states that immigration detainers authorize criminal justice agencies to detain the subject of a detainer "for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays." 8 C.F.R. § 287.7(d). In addition, Form I-247 explicitly provides: "Federal Regulations (8 C.F.R. 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays, and Federal holidays) to provide adequate time for DHS to assume custody."

21. June 19, 2009 – the date upon which Plaintiff completed his sentence for driving on a suspended license – was a Friday. Defendants' legal authority to hold Plaintiff for 48 hours pursuant to a federal immigration detainer expired on or about Tuesday, June 23, 2009.

### C. Defendants' Liability

22. Beginning June 23, 2009 and continuing until October 27, 2009, Defendants imprisoned Plaintiff in the Rutherford County Jail without any legal authority. Defendants did so despite numerous entreaties from Plaintiff to various RCSO officials.

23. At no time between June 23, 2009, and October 27, 2009, was Plaintiff charged with any crime.

5
Case 3:10-cv-00813 Document 6 Filed 09/10/10 Page 5 of 20 PageID #: 35

24. At no time between June 23, 2009, and October 27, 2009, was Plaintiff permitted to make bail or post bond.

25. On October 27, 2009, ICE arrived and took Plaintiff from the custody of the Defendants. After processing by ICE, Plaintiff was released on his own recognizance.

26. From June 23, 2009 until October 27, 2009, a period exceeding four (4) months, Defendants illegally imprisoned Plaintiff and intentionally and/or negligently subjected him to severe emotional distress.

27. The acts alleged above were committed either on the instruction of Defendants Jones and Asbury, or with the knowledge and consent of these Defendants, or were thereafter approved and ratified by these Defendants.

### Class Allegations

28. Plaintiff brings this Complaint as a class action under Rule 23 of the Federal Rules of Civil Procedure.

(a) Plaintiff seeks to represent, pursuant to Rule 23(b)(2), a class of persons seeking declaratory and injunctive relief. This class is provisionally defined as follows:

*All (1) current prisoners of Rutherford County Jail and (2) prisoners of Rutherford County Jail released on or after August 30, 2009 who (a) have been subject to an immigration detainer; and (b) have completed their sentences such that they would otherwise be eligible for release; and (c) have been detained for more than forty-eight (48) hours (excluding Saturdays, Sundays and Federal holidays) after completion of their sentences made them eligible for release.*

(b) Plaintiff also seeks to represent, pursuant to Rule 23(b)(3), a class of persons seeking damages. This class is provisionally defined as follows:

*All (1) current prisoners of Rutherford County Jail and (2) prisoners of Rutherford County Jail released on or after August 30, 2009 who (a) have been subject to an immigration detainer; and (b) have completed their sentences such that they would otherwise be eligible for release; and (c) have been detained for more than forty-eight (48) hours (excluding Saturdays, Sundays and Federal holidays) after completion of their sentences made them eligible for release; and (d) have suffered damages, both economic and non-economic, as a direct and foreseeable consequence of their illegal incarceration.*

29. Upon information and belief, Defendants have engaged over an extended period of time in a pattern and practice of wrongfully and intentionally incarcerating prisoners after the expiration of the 48-hour "hold time" authorized by an immigration detainer. Whenever a person suspected of being foreign-born is booked into the Rutherford County Jail, the RCSO has an informal arrangement with Immigration and Customs Enforcement (ICE) whereby RCSO officials contact ICE and identify the person being held. ICE then processes this identification information through its databases and then makes a determination whether to issue a detainer as alleged above. If ICE issues a detainer, it authorizes RCSO to hold the subject for up to forty-eight (48) hours in RCSO custody. If ICE does not arrive within that 48-hour period to assume custody of the subject, RCSO is obligated to release the subject.

7
Case 3:10-cv-00813  Document 6  Filed 09/10/10  Page 7 of 20 PageID #: 37

30. Upon information and belief, on occasions when ICE is unable to make arrangements to take the subjects of ICE detainers into custody within the 48-hour period, RCSO had continued to detain these subjects beyond the 48-hour detainer period.

31. Upon information and belief, Defendants Jones and Asbury have instituted no rule, policy or procedure for identifying prisoners whose immigration detainers have expired.

32. Upon information and belief, Defendants Jones and Asbury have instituted no rule policy or procedure for training RCSO staff on the identification and release prisoners with expired immigration detainers.

33. Upon information and belief, Defendants Jones and Asbury have instituted no policy or procedure by which prisoners whose immigration detainers have expired and who have completed their sentences may be alerted to and challenge their continued, unlawful detention in the Rutherford County Jail.

34. All of the prerequisites to a class action as stated in Rule 23(a) are satisfied by the class:

    a. The class includes a number of members unknown to Plaintiff, but well known to Defendants, of persons who have been detained beyond the time authorized by law. The class is likely to be so numerous, and is so geographically dispersed, that joinder of all members is impracticable.

    b. There are questions of law and fact common to the Plaintiff's case. The common facts include the illegal incarceration of persons beyond the time authorized by law based upon the existence of an ICE detainer. Common legal questions include (1) whether the incarceration of class members exceeded legal authority; (2) whether the

excessive incarceration to which class members were subjected (a) violates the Fourth Amendment and Fourteenth Amendment prohibition against illegal seizure, (b) violates the Eighth Amendment and Fourteenth Amendment prohibition against cruel and unusual punishment; (c) violates the Fifth Amendment and Fourteenth Amendment prohibition against deprivation of procedural and substantive due process, (d) violates the equal protection provisions of the Fourteenth Amendment, (e) constitutes false imprisonment without a mittimus actionable under the Tennessee Governmental Tort Liability Act, (f) constitutes negligence actionable under the Tennessee Governmental Tort Liability Act and Tennessee common law, and (f) constitutes a reckless and deliberate and careless failure to implement essential and appropriate policies, training and supervision.

  c. The claims of the named Plaintiff are typical of the claims of the class; the common facts are the test for membership in the classes, and the common facts give rise to the common legal questions.

  d. The named Plaintiff will fairly and adequately represent the interests of the class: he has no interests antagonistic to the class and, like all class members who continue to reside in or travel through Rutherford County, Tennessee, may in the future again be subject to illegal seizure and false imprisonment; they seek declaratory and injunctive relief on behalf of the entire class and such relief will benefit all members of the class.

  e. The named Plaintiff is represented by competent counsel, fully capable of adequately representing and protecting the interests of the class.

35. The class satisfies Rule 23(b)(2) because the defendants have engaged in a course of conduct common to all members of the class, and final declaratory and injunctive relief in favor of the plaintiff class is therefore appropriate.

### Necessity for Injunctive Relief

36. Plaintiff presently resides in Rutherford County, Tennessee.

37. Plaintiff and the class he seeks to represent are threatened with substantial, immediate and irreparable injury at the hands of defendants. Upon information and belief, Defendants began their illegal practices of incarcerating persons subject to an immigration detainer in the Rutherford County Jail beyond the legal dates set for their release before the incidents involving the named Plaintiff, and Defendants continue to engage in these practices against the numerous members of the class described herein. Plaintiff avers that he may again be subjected to incarceration in the Rutherford County Jail and could again be detained illegally. Plaintiff further avers that the class he represents will be subjected to incarceration in the Rutherford County Jail and could be detained illegally. Unless restrained by this Court, Defendants will continue their unlawful practices.

38. Plaintiff and the class he represents have suffered irreparable injury and, in the absence of injunctive relief, will continue to suffer irreparable injury. He has no adequate remedy at law.

### Injury to Plaintiff

39. As a direct and foreseeable result of his illegal detention, Plaintiff has suffered over $20,000 in special economic damages. These losses include, but are not limited to:

a. Lost wages in the amount of approximately $10,000. Plaintiff earns approximately $100 for each day of work. He works five or six days per week. He was illegally detained from June 23, 2009, through October 27, 2009 (over four months), resulting in a loss of approximately $4000. Because of his emaciated condition, general poor health, and psychological trauma, Plaintiff was unable to work for approximately four weeks after his release, resulting in a loss of approximately $2000;

b. Loss of virtually all of his earthly possessions as a result of being evicted while he was illegally imprisoned, and the consequent removal of those belongings from his apartment. In addition to his rental deposit ($350) and deposits for utilities ($250), Plaintiff's lost belongings include, but are not limited to, Plaintiff's bed and bedding ($200), all his clothes and shoes ($1,500), a gold necklace ($1,235), a 32" television ($150), a DVD Player ($50), a stereo system ($300), and over 45 compact discs and DVDs ($200);

c. The loss of Plaintiff's automobile, which he was forced to leave in a parking lot after the traffic stop, and which Smyrna Police Department Officers assured him he could retrieve upon his release. Plaintiff purchased the automobile for $2,000, and the contents therein, the value of which was approximately $545;

d. The replacement cost of purchasing and registering a new automobile, which Plaintiff bought for $2,200, and registered for approximately $145;

e. The cost of re-instating Plaintiff's car insurance, estimated to be $225; and

f. Loss of Plaintiff's cellular phone ($250), and the replacement cost of activating a new phone ($350).

40. As a direct and foreseeable result of his illegal detention, Plaintiff has suffered severe and extreme pain and suffering and emotional distress:

a. Plaintiff suffered severe and extreme strain on his physical health as a result of his time in jail. When he entered the Rutherford County Jail, records indicate Plaintiff weighed over 140 pounds. When he left four months later, he weighed less than 105 pounds. During his illegal detention, Plaintiff vomited more than twenty times, but received no treatment. He had constant headaches for which he was provided no treatment. He slept only two or three hours each night because he was terrified by the screams and taunts of other inmates, and was haunted by the knowledge that his wife and three small children had no way of knowing if he was dead or alive. When he did drift off, he was awakened by nightmares of his confinement. Consequently, Plaintiff suffered over four months of sleep deprivation and its attendant physiological and psychological consequences. Though the nightmare of his illegal detention is over, Plaintiff's nightmares and trouble sleeping still persist.

Approximately five days before his release, Plaintiff's feet were in such pain that he was unable to walk. He was taken to an infirmary, where a nurse treated him with a pill. He received another pill later that afternoon. Nonetheless, when he was finally freed from captivity, he could only limp out of jail because of the tremendous pain in his feet. This condition continued for approximately two weeks after Plaintiff was released from his illegal detention.

b. Plaintiff has suffered severe emotional distress and deep psychological trauma, both during and after his illegal detention. Not long into his detention, he became severely depressed. He suffers from nightmares, intrusive thoughts, and extreme

sensitivity to loud noises or yelling. He has still not been able to share the details of his illegal detention with his wife and children because of the shame and terror he feels whenever he recalls his time illegally detained in the Rutherford County Jail.

c. Plaintiff's time spent in illegal detention has left a deep and profoundly painful scar on his psyche that will never fully heal, and for which no amount of money can ever fully compensate him. "To a prisoner, time behind bars is not some theoretical or mathematical concept. It is something real, even terrifying." *Barber v. Thomas*, ___ U.S. ___ (Jun. 7, 2010) (Kennedy, J. dissenting).

## COUNT I —

## VIOLATIONS OF THE FOURTH AMENDMENT RIGHT TO FREEDOM FROM ILLEGAL SEIZURE, EIGHTH AMENDMENT RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT AND 14TH AMENDMENT UNDER THE U.S. CONSTITUTION

41. The allegations of paragraphs 1-40 are hereby incorporated by reference and are realleged as if set forth fully.

42. Each of the Defendants, individually and in concert with the others, acted under pretense and color of law and in their official capacity, but such acts were beyond the scope of their jurisdiction and without authorization of law. Each defendant, individually and in concert with the others, acted willfully, knowingly, and/or recklessly and with specific intent to deprive Plaintiff of his right to freedom from illegal seizure and detention of his person, papers, and effects, his right to freedom from unlawful detention and imprisonment, and cruel and unusual punishment, all of which rights are secured to Plaintiff and all those similarly situated by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by 42 USC §§ 1983 and 1988.

43. As a direct and proximate result of these violations of his constitutional rights by Defendants, Plaintiff suffered personal injuries, emotional distress, and loss of income.

## COUNT II

## VIOLATIONS OF THE FIFTH AMENDMENT RIGHT TO PROCEDURAL AND SUBSTANTIVE DUE PROCESS AND 14TH AMENDMENT UNDER THE U.S. CONSTITUTION

44. The allegations of paragraphs 1-43 are hereby incorporated by reference and are realleged as if set forth fully.

45. <u>Procedural Due Process</u> — Each Defendant, individually and in concert with the others, acted willfully, knowingly, and/or recklessly and with specific intent to deprive Plaintiff of his right not to be deprived of liberty without complying with the procedural requirements of due process of law by illegally detaining Plaintiff without proper authorization by a court or a federal detainer to cover the period of incarceration.

46. <u>Substantive Due Process</u> — Each Defendant, individually and in concert with the others, acted willfully, knowingly, and/or recklessly and with specific intent to deprive Plaintiff of his fundamental right not to be deprived of liberty. This conduct was performed in such a manner as to be manifestly and grossly unjust to the extent that it shocks the conscience, falls outside the standards of civilized decency, and offends those canons of decency and fairness which express the notions of justice of English-speaking peoples; as such, this conduct was a violation of Plaintiff's right to substantive due process.

47. Each Defendant acted under pretense and color of law and in their official capacity, but such acts were beyond the scope of their jurisdiction and without authorization of law.

48. These due process rights are secured to Plaintiff by the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, and by 42 USC §§ 1983 and 1988.

### COUNT III —

### FALSE IMPRISONMENT ACTIONABLE UNDER TENNESSEE GOVERNMENTAL TORT LIABILITY ACT AT TCA 29-20-101

49. The allegations of paragraphs 1-48 are hereby incorporated by reference and are realleged as if set forth fully.

50. Plaintiff avers that Defendants breached a duty of care owed to Plaintiff, so as not to deprive them of their personal liberty, by intentionally restraining or detaining Plaintiff without just cause and without mittimus from a court.

51. Plaintiff avers that Defendants, without probable cause, wrongfully and unlawfully detained and restrained Plaintiff against his will through use of force for a period of approximately four (4) months.

52. Plaintiff avers that Defendants are liable to him for false imprisonment.

53. As a direct and proximate result of the false imprisonment by Defendants, Plaintiff suffered personal injuries, emotional distress, and loss of income.

## COUNT IV —

## NEGLIGENCE ACTIONABLE UNDER
## TENNESSEE GOVERNMENTAL TORT LIABILITY ACT AT TCA 29-20-101

54. The allegations of paragraphs 1-53 are hereby incorporated by reference and are realleged as if set forth fully.

55. Each Defendant owed Plaintiff a duty to use due care during the time of his incarceration in the Rutherford County Jail.

56. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

## COUNT V —

### FAILURE TO IMPLEMENT APPROPRIATE
### AND ESSENTIAL POLICIES, TRAINING, AND SUPERVISION
### ACTIONABLE UNDER 42 U.S.C. § 1983

57. The allegations of paragraphs 1-56 are hereby incorporated by reference and are realleged as if set forth fully.

58. Defendants implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included continuing the incarceration of detainees beyond the time authorized by law for their detention in the Rutherford County Jail.

59. Defendants failed to train and supervise adequately employees of RCSO to insure that detainees were timely released when their legally imposed detention period was ended. This failure by Defendants to train and supervise RCSO employees amounts to deliberate, reckless, and callous indifference to the constitutional rights of Plaintiff.

60. Defendants had notice that their policies, training procedures, and supervision were inadequate and likely to result in constitutional violations.

61. Defendants demonstrated such a degree of failure to train, supervise, and discipline their subordinates that said failure constituted a reckless and callous indifference to the constitutional rights of citizens and residents of the United States, including Plaintiff.

62. The failure of Defendants to implement adequate programs to track detention and release times, and to train and supervise their subordinates was the proximate cause of the constitutional infringements committed by their subordinates against Plaintiff.

63. Defendants either authorized or knowingly acquiesced in the unconstitutional actions of their subordinates, and they were deliberately indifferent to constitutional violations likely to result from serious deficiencies in the detention and scheduled release tracking program as well as the training program of personnel who staff the Rutherford County Jail.

64. As a result of this deliberate indifference to the Plaintiff's rights, Plaintiff has been injured. In depriving Plaintiff of his rights, Defendants acted under color of state law. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. § 1983.

## COUNT VI —

### FAILURE TO IMPLEMENT APPROPRIATE AND ESSENTIAL POLICIES, TRAINING, AND SUPERVISION ACTIONABLE UNDER THE TENNESSEE GOVERNMENTAL TORT LIABILITY ACT AND TENNESSEE COMMON LAW

65. The allegations of paragraphs 1-64 are hereby incorporated by reference and are realleged as if set forth fully.

66. Each Defendant owed Plaintiff a duty to use due care at or about the time of the aforementioned conduct.

67. Defendants Jones and Asbury negligently supervised other Defendants by failing to provide proper training and supervision and failing to implement adequate systems to provide for the timely release of Plaintiff.

68. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiffs as alleged herein.

## PRAYERS FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff demands:

1. That process issue to the Defendants and that they be required to answer in the time allowed by law.

2. That a declaratory judgment be rendered in favor of the Plaintiff and the class he represents and against the Defendants on all causes of action asserted herein.

3. That a preliminary, and then a permanent injunction barring all defendants and their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from illegally detaining Plaintiff and class members he represents until such time as Defendants able to provide adequate systems, training, and supervision of its employees and agents.

4. That Plaintiff be awarded those damages to which it may appear they are entitled by the proof submitted in this cause for their physical and mental pain and suffering, both past and future; loss of enjoyment of life; and medical and psychological expenses, both past and future.

5. That Plaintiff be awarded punitive damages against the Defendants.

6. That Plaintiff be awarded reasonable expenses in this litigation, including reasonable attorney and expert fees, pursuant to 42 USC § 1988 (b) and (c).

7. That Plaintiff receive any other further and general relief to which it may appear he is entitled.

Respectfully submitted,

_/s/_____
Elliott Ozment, Attorney at Law
Immigration Law Offices of Elliott Ozment
1214 Murfreesboro Pike
Nashville, TN 37212
(615) 321-8888 (O)
(615) 321-5230 (F)
Email: elliott@ozmentlaw.com

5. That Plaintiff be awarded punitive damages against the Defendants.

6. That Plaintiff be awarded reasonable expenses in this litigation, including reasonable attorney and expert fees, pursuant to 42 USC § 1988 (b) and (c).

7. That Plaintiff receive any other further and general relief to which it may appear he is entitled.

Respectfully submitted,

/s/ *Elliott Ozment*

Elliott Ozment, Attorney at Law
Immigration Law Offices of Elliott Ozment
1214 Murfreesboro Pike
Nashville, TN 37212
(615) 321-8888 (O)
(615) 321-5230 (F)
Email: elliott@ozmentlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing has been served upon defendants via certified mail, with sufficient postage thereupon to carry same to its destination, addressed as follows:

1. Truman Jones, Jr., 5963 Manchester Highway, Murfreesboro, TN 37127;
2. Bob Asbury, 2142 Creekwalk Court, Murfreesboro, TN 37130;
3. Rutherford County Sheriff's Office — Rutherford County, 940 New Salem Highway, Murfreesboro, TN 37129.

Dated 9-10-2010

BY: *Elliott Ozment*

Elliott Ozment, Attorney at Law